UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL HORACEK,

    Plaintiff,

v.

LORI SEAMAN, LT. ATKINS, CAPT.
HENRY WALLACE, SHERIFF
MICHAEL BOUCHARD, JANE DOE/
JOHN DOE, Oakland County Jail
Librarians, and JANE DOE/JOHN
DOE, Oakland County Jail Deputies,

    Defendants.

_____/

Case No. 08-10866

Hon. Marianne O. Battani

Magistrate Judge Paul Komives

**ORDER DENYING DEFENDANTS' OBJECTION TO ORDER
CONDITIONALLY GRANTING PLAINTIFF'S MOTION AND
RESPONSE TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff Daniel Horacek filed this action alleging that his civil rights had been violated, which the Court referred to Magistrate Judge Paul Komives for all pretrial proceedings. See Doc. No. 12. Plaintiff moved for the appointment of counsel, and the Magistrate Judge conditionally granted that request. Specifically, the Magistrate Judge referred this case to the Court's *pro bono* program administrator and notified the parties that an order of appointment would be entered provided an attorney agreed to represent Plaintiff. See Doc. No. 36. Now before the Court is Defendants' objection.

Defendants dispute Plaintiff's assertion that he cannot afford to hire a lawyer and maintain that Plaintiff should be able to hire an attorney on a contingency basis. Defendants also assert that Plaintiff's case is neither complex nor will it involve substantial

discovery, and conclude that Plaintiff has sufficient knowledge of the legal system to represent himself because he has represented himself in at least four separate lawsuits against Oakland County.

Pursuant to 28 U.S.C.A. § 636(b)(1)(A) the Court may "reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law." The Court finds no basis to characterize this order as either clearly erroneous or contrary to law.

Although Plaintiff is not entitled to appointment of counsel in a civil proceeding, Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 27 (1981) (holding that an indigent litigant has no right to the appointment of counsel unless "if he loses, he may be deprived of his physical liberty"), in this case, Plaintiff has advanced constitutional claims that have survived Defendants' motion for summary judgment. His request for appointment of counsel included the information relevant to a court's consideration of such a request. Moreover, the decision to appoint counsel is discretionary. Lavado v. Keohane, 992 F.2d 601, 606 (6th Cir. 1993).

Given the deferential standard governing the appointment of counsel, the Court finds Defendants have failed to meet their burden to show the Magistrate Judge's order was clearly erroneous or contrary to law.

Therefore, Defendants' objection is **DENIED.**

**IT IS SO ORDERED.**

          <u>s/Marianne O. Battani</u>
           MARIANNE O. BATTANI
          UNITED STATES DISTRICT JUDGE

DATE: <u>November 20, 2009</u>

CERTIFICATE OF SERVICE

 Copies of this Order were mailed and/or e-filed to Plaintiff and counsel of record on this date.

          s/Bernadette M. Thebolt
          Deputy Clerk

3