UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL HORACEK (#218347),

        Plaintiff,

                                CASE NO. 2:08-CV-10866
                                JUDGE MARIANNE O. BATTANI
                                MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

LORI SEAMAN, et al.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANTS' SEPTEMBER 15, 2010 MOTION FOR SUMMARY JUDGMENT (Doc. Ent. 47)**

**I.**    **RECOMMENDATION:** The Court should deny defendants' September 15, 2010 motion for summary judgment.  Doc. Ent. 47.

**II.**    **REPORT:**

**A.**    **Plaintiff's March 3, 2008 Pro Se Complaint**

On March 3, 2008, while incarcerated at the Florence Crane Correctional Facility (ACF) in Coldwater, Michigan, plaintiff Daniel Horacek filed this case against defendants (Seaman, Atkins, Wallace, Bouchard, as well as John and Jane Does) who are described as employees of the Oakland County Jail (OCJ) or the Oakland County Sheriff's Department.  Doc. Ent. 1 at 1, 8, 9-10 ¶¶ 4-9.  On April 28, 2008, named defendants Seaman, Atkins, Wallace and Bouchard filed an answer to the complaint.  Doc. Ent. 11.[1]

Defendants filed a motion for summary judgment on September 10, 2008, the "applicable law" section of which discussed qualified immunity, prisoner mail issues, monitoring of

_____

[1]Judge Battani has referred this case to me to conduct all pretrial proceedings.  Doc. Ent. 12.

telephone calls, access to legal research materials, supervisory liability and defendants John Doe / Jane Roe.  Doc. Ent. 17 at 12-20.  On January 21, 2009, plaintiff filed a motion for leave to amend his complaint.  Doc. Ent. 26.

My August 20, 2009 report addressed both of these motions.  Doc. Ent. 32.  Therein, I stated, "[i]f the Court accepts these recommendations, the only remaining claims in the case will be plaintiff's legal mail claims against newly added defendants Aaron Alley and Carol Wilkerson which accrued after January 21, 2006."  Doc. Ent. 32 at 28.  With respect to plaintiff's motion to amend, Judge Battani's September 10, 2009 order provided, "[p]laintiff may add as Defendants, Aaron Alley and Carol Wilkerson, to his claim that his legal mail was opened outside his presence, provided it accrued after January 21, 2006."  Doc. Ent. 33 at 2.

Thereafter, on September 24, 2009, I entered an order deeming amended plaintiff's complaint and directing the U.S. Marshal to effect service of process upon Alley and Wilkerson. Doc. Ent. 34.

**B.** **The April 20, 2010 Appointment of Pro Bono Counsel**

On September 30, 2009, I entered an order (Doc. Ent. 36) conditionally granting plaintiff's September 28, 2009 motion for appointment of counsel (Doc. Ent. 35).  On April 20, 2010, attorney William Anthony Godfrey was assigned as plaintiff's counsel.  Doc. Ent. 42.

On October 1, 2009, defendants filed a combined objection to my order conditionally granting plaintiff's motion and response to plaintiff's motion for appointment of counsel.  Doc. Ent. 37.  On November 20, 2009, Judge Battani entered an order denying defendants' objection. Doc. Ent. 38.

**C.** **The April 21, 2010 Denial of Plaintiff's Motion to Stay**

2

On November 14, 2009, plaintiff claims, he was arrested by the Oakland County

Sheriff's Department.  Doc. Ent. 40 ¶ 1.[2]  According to plaintiff, he was "taken to the [OCJ] and

housed in the jail clinic for one week due to a serious medical condition."  He states that

"[d]uring this time, [he] was unable to communicate with the Court."  On November 23, 2009,

plaintiff claims, he "was moved to general population[,] [and] [o]n November 25th [he] was

finally provided an envelope and paper."  Doc. Ent. 40 ¶ 2.[3]

By a document signed on November 28, 2009 and filed on December 4, 2009, plaintiff

moved for a sixty (60) day stay of proceedings "in order to ascertain the length of time he will

remain in jail."  Doc. Ent. 40 ¶ 3.  On December 15, 2009, defendants filed a response.  Doc.

Ent. 41 at 3.

On April 20, 2010, I noticed a status conference for April 28, 2010.  Doc. Ent. 43.  Then,

on April 21, 2010, I entered an order denying without prejudice plaintiff's December 4, 2009

motion for stay of proceedings.  Doc. Ent. 44.  Therein, I noted that there were no substantive

motions pending in this case; although the deadlines set by my May 15, 2008 and September 12,

2008 scheduling orders (Doc. Entries 13 and 18) had passed, the addition of two new defendants

to this case would necessitate the entry of a new case management scheduling order; and, on

April 20, 2010, I had entered an order of assignment of counsel (Doc. Ent. 42) and a notice

setting a status conference for April 28, 2010 (Doc. Ent. 43).  I also noted that the status of

service upon defendants Alley and Wilkerson and the entry of a new case management

---

[2]It appears this arrest is associated with *People v. Horacek*, Case No. 2009-229841-FH
(Oakland County Circuit Court), the docket to which indicates a date of offense of November 14,
2009.

[3]By a document signed November 28, 2009 and filed December 4, 2009, plaintiff informed
the Court that his address had changed to the [OCJ] in Pontiac, Michigan.  Doc. Ent. 39.

scheduling order would be among the topics discussed between the Court and counsel for the parties at the April 28, 2010 status conference.  Doc. Ent. 44 at 3.

**D.       The November 15, 2010 Status Conference**

The April 28, 2010 status conference was renoticed for May 19, 2010.  Doc. Ent. 45.  On that date, I entered a scheduling order which, in part, set the deadline for filing an amended complaint for May 28, 2010.  Doc. Ent. 46.

On November 15, 2010, I noticed a status conference for November 18, 2010.  Doc. Ent. 51.  A status conference was held on that date.

**E.       Attempts in 2011 to Serve Alley and Wilkerson**

On February 23, 2011, the U.S. Marshal acknowledged receipt of documents for service of process upon two defendants.  Doc. Ent. 59.  Service upon Alley and Wilkerson was attempted by mail on February 25, 2011.  While Alley's waiver of service was returned executed,[4] Wilkerson's was returned as "not at that address."

On March 31, 2011, Alley filed an answer to plaintiff's amended complaint.  Doc. Ent. 63 at 1-5.[5]  He also filed affirmative defenses, among which is the assertion that "[p]laintiff's cause of action is barred, in whole or in part, by the applicable statute of limitations governing actions of this nature."  Doc. Ent. 63 at 6-7.  Alley is represented by Oakland County Corporation Counsel.  Doc. Ent. 62.

_____

[4]The notice and acknowledgment of receipt of summons and complaint by mail was signed by Alley on March 2, 2011 and was received by the U.S. Marshal on March 7, 2011.

[5]On March 16, 2011, the U.S. Marshal informed the Court that Alley's summons had been returned executed.  On March 22, 2011, Alley filed a motion for extension to answer amended complaint.  Doc. Ent. 60.  I granted this motion on March 23, 2011, and permitted Alley "an additional 20 days to answer Plaintiff's Amended Complaint."  Doc. Ent. 61.

For whatever reason, it does not appear that a further attempt to serve defendant Wilkerson has been made.

**F.     Currently before the Court Is Defendants' September 15, 2010 Motion for Summary Judgment.**

On September 15, 2010 - a date prior to the attempt at service upon Alley and Wilkerson - defendants filed a motion for summary judgment. Doc. Ent. 47. Defendants request that "the Court grant[] summary judgment of dismissal with prejudice and without costs and dismiss Plaintiff's Complaint in its entirety." Doc. Ent. 47 at 3.

I entered an order requiring plaintiff to file any response on or before November 1, 2010. Doc. Ent. 48. On October 15, 2010, plaintiff himself sought an extension of time within which to respond. Doc. Ent. 49. Defendants filed a response to the motion for extension on October 21, 2010. Doc. Ent. 50.

On January 19, 2011, I entered an order granting plaintiff's motion wherein I provided that any response must be filed on or before February 14, 2011. It provided that "[i]f no response is filed either by counsel or plaintiff himself, the defense motion will be decided solely on the basis of the papers submitted in connection with that motion." Doc. Ent. 53.

On January 20, 2011, defendants filed a combined objection to my order granting an extension of time and a response to plaintiff's motion to dismiss appointed counsel and appoint substitute counsel. Doc. Ent. 54; *see also* Doc. Ent. 56 and 57.[6] However, on January 26, 2011, Judge Battani entered an order denying defendants' objection. Doc. Ent. 58.

---

[6]According to the docket, this filing (Doc. Ent. 54) was a two part document and was refiled on January 25, 2011 as a response (Doc. Ent. 56) and an objection (Doc. Ent. 57).

5

To date, plaintiff has not - either through counsel or by himself - filed a response to the pending dispositive motion.

**G.      Fed. R. Civ. P. 56**

Rule 56(a) provides that "[a] party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As the Sixth Circuit has noted:

> A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of [the] essential elements of a cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties.

*Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citing *Johnson v. Soulis,* 542 P.2d 867, 872 (Wyo. 1975) (quoting BLACK'S LAW DICTIONARY 881 (6th ed.1979)). "In evaluating a motion for summary judgment we view all evidence in the light most favorable to Plaintiff . . . and assess the proof to determine whether there is a genuine need for trial." *Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042, 1045 (6th Cir. 1998) (citations omitted).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party discharges

6

that burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine triable issue.  *Gregg*, 801 F.2d at 861.

"Although the nonmoving party 'may not rest upon the mere allegations or denials' of his pleading, [quoting former Fed. R. Civ. P. 56(e)], a verified complaint . . . satisfies the burden of the nonmovant to respond." *Thaddeus-X v. Blatter*, 175 F.3d 378, 385 (6th Cir. 1999).[7]  "[A] verified complaint . . . would have the same force and effect as an affidavit and would give rise to genuine issues of material fact." *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992). However, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  *See also Hamilton v. Roberts*, No. 97-1696, 1998 WL 639158, *5 (6th Cir. Sept. 10, 1998) (personal knowledge required); *Daniel v. Cox*, No. 96-5283, 1997 WL 234615, *2 (6th Cir. May 6, 1997) (conclusory assertions are insufficient for purposes of surviving summary judgment); *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994) (citing *Daily Press, Inc. v. United Press Int'l*, 412 F.2d 126, 133 (6th Cir. 1969)) (cannot consider hearsay evidence).

"Demonstration of simply 'metaphysical doubt as to the material facts' is insufficient." *Kand Medical, Inc. v. Freund Medical Products, Inc.*, 963 F.2d 125, 127 (6th Cir. 1992), citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the [non-movant's] evidence is merely colorable, or is

---

[7]Plaintiff's original complaint was signed under penalty of perjury.  Doc. Ent. 1 at 5.

7

not significantly probative, summary judgment may be granted." *Id.* at 246-250 (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed. R. Civ. P. 50(a). *Anderson*, 477 U.S. at 250. Consequently, a non-movant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact.

**H.    Analysis**

**1.    There are three (3) bases for defendants' September 15, 2010 dispositive motion.**

Defendants' September 15, 2010 dispositive motion is brought by "[a]ll remaining Defendants[.]" Doc. Ent. 47 at 1. As noted above, the only remaining defendants are Alley and Wilkerson. In that regard, the motion states, "[d]efendants Alley and Wilkerson have never been properly named or served." Doc. Ent. 47 at 3 ¶ 11.

Next, defendants contend that "[p]laintiff should now be enjoined from amending his Complaint and replacing the unnamed parties with those of the named Defendants because the statute of limitations has expired as to those Defendants and an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." Doc. Ent. 47 ¶ 13.

Defendants further contend:

> Defendants have not been served within 120 days after the Amended Complaint was deemed filed and this violates Federal Rule of Civil Procedure Rule 4(m). That Rule holds that the court "must" dismiss the action without prejudice against the Defendants not served or order that service be made within a specified time. A "without prejudice" dismiss here is moot because the statute of limitations has run.

Doc. Ent. 47 ¶ 14.

8

2.     **Alley and Wilkerson Were Identified and Named in an Amended Complaint during September 2009.**

Defendants' first argument is that "plaintiff's complaint should be dismissed where he [ha]s failed to file an amended complaint in compliance with the court's order and where he has failed to name or serve unnamed defendants in a timely fashion[.]"  Within this argument, defendants assert that "[e]ven when given leeway by the [C]ourt, both Plaintiff when he was in pro per, and now Plaintiff's counsel, have failed to timely file amended complaints when ordered to do so."  In support of this statement, defendants rely upon Judge Battani's September 10, 2009 order (Doc. Ent. 33) and my May 19, 2010 scheduling order (Doc. Ent. 46).  Doc. Ent. 47 at 11.

Judge Battani's September 10, 2009 order provided in part that "[p]laintiff may add as Defendants, Aaron Alley and Carol Wilkerson, to his claim that his legal mail was opened outside his presence, provided it accrued after January 21, 2006."  Doc. Ent. 33 at 2.  And, my September 24, 2009 order deemed amended plaintiff's complaint "by substituting Aaron Alley and Carol Wilkerson as defendants for the 'John/Jane Doe defendants.'"  Doc. Ent. 34 at 3.[8]

Defendants point out that, notwithstanding my May 19, 2010 scheduling order, which provided, "Amended Complaint to be filed by:  May 28, 2010[,]" Doc. Ent. 46, "[n]o amended complaint has been filed."  Defendants also contend that "[n]o service has occurred on the newly added Defendants.  The statute of limitation has now run and there should be no relation back of an amended pleading allowing the addition of these named Defendants for the unnamed John Doe/Jane Roe of the original Complaint."  Doc. Ent. 47 at 11.

---

[8]It is defendants' position that Alley and Wilkerson "have never been properly named nor specific allegations filed against them," other than the Court's September 24, 2009 order.  Doc. Ent. 47 at 11.

However, the Court should deny defendants' September 15, 2010 motion (Doc. Ent. 47) to the extent it is based upon plaintiff's failure to file an amended complaint in compliance with the Court's May 19, 2010 scheduling order (Doc. Ent. 46) or plaintiff's failure to name Alley and Wilkerson as defendants.  First, my September 24, 2009 order (Doc. Ent. 34) in part deemed amended plaintiff's complaint by substituting Aaron Alley and Carol Wilkerson as defendants for the "John/Jane Doe defendants."  Second, plaintiff's failure to file an amended complaint by May 28, 2010 in accordance with my May 19, 2010 scheduling order (Doc. Ent. 46), does not negate the complaint as deemed amended on September 24, 2009 (Doc. Ent. 34).

**3.      Plaintiff's legal mail claims against newly added defendants Aaron Alley and Carol Wilkerson which accrued after January 21, 2006 are not barred by the statute of limitations and should not be dismissed for failure to comply with Fed. R. Civ. P. 15(c)(1)(C).**

**a.**      Defendants' second argument is based upon the statute of limitations and Fed. R. Civ. P. 15(c).  Among the issues raised by defendants' September 15, 2010 motion is "[w]hether plaintiff's complaint should be dismissed for failure to name defendants prior to the expiration of the statute of limitations[.]" Doc. Ent. 47 at 7.  Specifically, defendants' second argument is that "all unnamed defendants should be dismissed pursuant to [Fed. R. Civ. P.] 15(c) and the expiration of the statute of limitations[.]"  Doc. Ent. 47 at 12-14.

As noted in my August 20, 2009 report and recommendation, "plaintiff's motion for leave to amend [Doc. Ent. 26] and proposed amended complaint were filed on January 21, 2009. For purposes of the limitations period, this filing of the proposed amended complaint tolls the limitations period."  Furthermore, "[b]ecause a three year statute of limitations governs plaintiff's claims, and because the limitations period was tolled on January 21, 2009, by the

filing of plaintiff's proposed amended complaint, any legal mail claims accruing after January 21, 2006, are not time-barred." Doc. Ent. 32 at 26. In other words, I stated:

> With respect to any of the legal mail opened outside of plaintiff's presence after January 21, 2006, which must include any mail postmarked after that date, plaintiff's legal mail claims are not barred by the statute of limitations. These legal mail claims, therefore, are timely, and leave to amend to add new defendants with respect to these claims would not be futile. The remaining legal mail claims which accrued before January 21, 2006, are time-barred, and leave to amend to add these claims would be futile.

Doc. Ent. 32 at 26-27. In conclusion, I recommended that "the remaining John/Jane Doe defendants (and, by extension, the newly proposed named defendants) are not entitled to summary judgment on plaintiff's legal mail claims." Doc. Ent. 32 at 28.

Importantly, I noted, "[i]f the Court accepts these recommendations, the only remaining claims in the case will be plaintiff's legal mail claims against newly added defendants Aaron Alley and Carol Wilkerson which accrued after January 21, 2006." Doc. Ent. 32 at 28. Accordingly, Judge Battani's September 10, 2009 order provided, in part, that "[p]laintiff may add as Defendants, Aaron Alley and Carol Wilkerson, to his claim that his legal mail was opened outside his presence, provided it accrued after January 21, 2006." Doc. Ent. 33 at 2.

**b.** Having previously addressed that plaintiff's legal mail claims against Alley and Wilkerson which accrued after January 21, 2006 are not barred by the statute of limitations, the question before the Court is whether plaintiff's complaint, deemed amended on September 24, 2009 (Doc. Ent. 34) by substituting Alley and Wilkerson for the "John/Jane Doe defendants[,]" should be dismissed pursuant to Fed. R. Civ. P. 15(c).

In the instant motion, defendants contend that plaintiff "never added these new defendants in an amended complaint." Doc. Ent. 47 at 12. However, as pointed out in the

11

previous section, my September 24, 2009 order (Doc. Ent. 34) deemed amended plaintiff's complaint by substituting Aaron Alley and Carol Wilkerson as defendants for the "John/Jane Doe defendants." Doc. Ent. 34 at 3.

As defendants point out, since counsel was appointed to represent plaintiff (Doc. Ent. 42 [Apr. 20, 2010]), and despite counsel's representation that "he would file an amended complaint that properly named the defendants and would serve them[,]" and despite the Court's May 19, 2010 scheduling order (Doc. Ent. 46), "[n]o amended complaint has ever been filed[.]" Doc. Ent. 47 at 12-13. Defendants also assert that "Plaintiff's counsel has not undertaken any discovery whatsoever." Doc. Ent. 47 at 13.

c.      Recognizing that the "unnamed (although identified)" defendants "are allegedly employees of the [OCJ] and would presumably be represented by Oakland County Corporation Counsel," defendants examine "the disposition of those Defendants[.]" Doc. Ent. 47 at 13. Fed. R. Civ. P. 15(c)(1)(C) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when: . . . (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:  (I) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

It is defendants' position that "[p]laintiff should have undoubtedly sought to amend his complaint and replace the unnamed parties with that of named parties through the course of discovery[,]" but that "[p]laintiff should now be enjoined from doing so because the statute of

12

limitations has expired by over a year." Doc. Ent. 47 at 13. As defendants point out, "the precedent of this circuit clearly holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'" *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) (quoting *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir.1991)).

As to its statute of limitations and relation-back arguments, defense counsel relies upon *Cox v Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). *See* Doc .Ent. 47 at 8. In *Cox*, the Sixth Circuit considered the "relation back of the amended complaint adding new police officer defendants." *Cox*, 75 F.3d at 239-240. After stating that "[a]ppellants' amended complaint does not relate back[,]" the Sixth Circuit explained that its precedent "clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)(3)(B)." *Id.* (*citing In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d at 1449-1450). The Sixth Circuit then concluded, "[t]he amendment attempted by appellants clearly adds new parties to the complaint." *Id.* The Court then explained:

> . . . [t]he naming of 'unknown police officers' in the original complaint does not save the pleading. Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties. Therefore, the requirements of Fed. R. Civ. P. 15(c) must be met in order for the amendment adding the named defendant to relate back to the filing of the original complaint.

*Cox*, 75 F.3d at 240. Citing *Cox*, defense counsel contends that "[n]aming John Does as placemarkers for subsequently determined defendants is prohibited in the [Sixth] Circuit." Doc. Ent. 47 at 13-14.

Also, defendants contend that they "are entitled to receive actual or constructive notice of the lawsuit within the period provided for service of the summons and complaint."  Doc. Ent. 47 at 14 (citing *Cox*, 75 F.3d at 240).  Furthermore, citing *Doe v. Sullivan County, Tenn.*, 956 F2d 545, 552 (6th Cir. 1992),[9] *Deruso v. City of Detroit*, 121 Fed.Appx. 64, 66 (6th Cir, 2005),[10] and *Cross v City of Detroit*, No. 06-11825, 2008 WL 2858407 (E.D. Mich. July 23, 2008) (Roberts, J.),[11] defendants assert that "[s]ince the time Plaintiff filed his complaint, no attempts have been made to substitute the actual names of any of the unnamed parties involved in this suit."  Doc. Ent. 47 at 14.

**d.**    In the end, defendants argue that "all unnamed Defendants in Plaintiff's complaint should be dismissed as Plaintiff is prohibited from adding new parties pursuant to [Fed. R. Civ. P.] 15(c) and the limitations period expiring."  Doc. Ent. 47 at 14.  However, the Court should deny

---

[9]*Doe*, 956 F.2d at 552 ("Although as jailers the three defendants reasonably could be expected to have known of the instant suit, this alone is insufficient to impute to them knowledge of their future status as defendants.  Many jailers and employees who were not named as defendants were aware of and even deposed in this case.  It cannot seriously be maintained, however, that knowledge of their interest in the matter should be imputed to all of them.  Plaintiff offers no grounds for why jailers Waterson, Peters, and Baker should have been uniquely aware that they were parties in interest.  We therefore affirm the district court's denial of plaintiff's motion to add the three additional defendants.").

[10]*Deruso*, 121 Fed.Appx. at 66 (dismissing claims against the individual officers, "[p]laintiffs could not deny during the summary judgment hearing that they obtained the names of the police officers involved in the incident, as well as some of the officers' reports, well before the expiration of the limitations period.").

[11]*Cross*, 2008 WL 2858407 ("In Michigan, substituting a named defendant for a previously unnamed, 'John Doe,' defendant is considered to be a change in parties, rather than a substitution of parties, for purposes of Fed.R.Civ.P. 15(c).  Thus, new parties may not be added after the statute of limitations has run and such amendments do not satisfy the mistaken identity requirement of Rule 15(c)(3)(B)[,]" "[i]nasmuch as Plaintiff failed to name the John Doe defendant prior to the expiration of the statute of limitations, Plaintiff's claim is time-barred.") (internal citations to *Cox*, 75 F.3d at 240 omitted).

14

defendants' September 15, 2010 motion (Doc. Ent. 47) to the extent it argues that plaintiff's legal mail claims against newly added defendants Aaron Alley and Carol Wilkerson which accrued after January 21, 2006 are barred.

Not only has the Court previously addressed that these claims are not barred by the applicable statute of limitations, but also the claims should not be dismissed for failure to comply with Fed. R. Civ. P. 15(c)(1)(C). First, the September 24, 2009 amendment (Doc. Ent. 34) changed the name of a party from "John / Jane Doe" to Alley and Wilkerson.

Second, Fed. R. Civ. P. 15(c)(1)(B)[12] has been satisfied. As I noted in my August 20, 2009 report and recommendation, "[p]laintiff's proposed amended complaint does not seek to add any new claims and is nearly identical to his initial complaint. It differs only in its addition of new defendants (previously identified as Jane/John Doe defendants) and in its tying certain allegations to specific defendants who were identified in the initial complaint as unknown." Doc. Ent. 32 at 3.

Third, as for whether Alley and Wilkerson "received such notice of the action that it will not be prejudiced in defending on the merits[,]" and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity[,]" within the period set forth in Rule 4(m), Fed. R. Civ. P. 15(c)(1)(C)(I) and (ii), the following section explains why the Court must take some of the responsibility for the failure to meet the conditions of Fed. R. Civ. P. 15(c)(1)(C)(i) and (ii).[13]

_____

[12]". . .the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B).

[13]It is worth noting that (1) attached to defendants January 29, 2009 filing (Doc. Ent. 30) is the same-day affidavit of Aaron Alley (Doc. Ent. 30-2); and (2) in their December 15, 2009 filing,

For these reasons, defendants' motion should not be granted on the basis that, with respect to the September 24, 2009 amendment which added Alley and Wilkerson as defendants and created of a new cause of action against them, "there is no relation back to the original filing for purposes of limitations."  Doc. Ent. 47 ¶ 13.[14]

**4.     The Court must take some responsibility for plaintiff's failure to serve defendants Alley and Wilkerson within the period provided by Fed. R. Civ. P. 4(m).**

**a.**     Defendants' third argument is that "defendants have not been served with[in] the appropriate time limit[] following filing of the complaint[.]" Doc. Ent. 47 at 14-15.

Fed. R. Civ. P. 4(m) provides, in relevant part, that "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

**b.**     The Court must take some responsibility for the delay in service upon Alley and Wilkerson.[15]  I entered my report and recommendation on August 20, 2009 (Doc. Ent. 32), and

---

defendants acknowledged that "[t]he only issue before the Court in Plaintiff's Amended Complaint is whether *two newly identified Defendants* wrongfully opened Plaintiff's legal mail."  Doc. Ent. 41 at 4 (emphasis added).

[14]That there would otherwise have been relation-back as to these claims is consistent with my August 20, 2009 recommendation that "[w]ith respect to the legal mail claims that are barred by the statute of limitations because plaintiff had notice of the opening of the mail prior to January 21, 2006, . . . the claims are not saved by the relation-back doctrine of Rule 15(c)."  Doc. Ent. 32 at 27 n.7.

[15]To be sure, plaintiff's address has changed several times over the course of this lawsuit. *See* Doc. Entries 1 (03/03/2008 complaint filed while incarcerated at ACF); Doc. Ent. 14 (07/09/2008 to private address); Doc. Ent. 39 (12/04/2009 to OCJ); and Doc. Ent. 52 (12/06/2010 to private address).

16

Judge Battani adopted it on September 10, 2009 (Doc. Ent. 33). My September 24, 2009 order deemed amended plaintiff's complaint and directed the U.S. Marshal to effect service of process upon Alley and Wilkerson. Doc. Ent. 34. Specifically, my order noted that "[d]efendants Seaman and Bouchard's August 27, 2008 answers to plaintiff's interrogatories identify Wilkerson and Alley as Clerks assigned to the Visitation Department. Furthermore, the answer provides their address as 1201 North Telegraph Road, Pontiac, Michigan 48341, and their phone number as 248-858-5008. Doc. Ent. 29-2 at 30-36 (Exhibit H)." Doc. Ent. 34 at 3.

For whatever reason, it was not until February 23, 2011 that the U.S. Marshal acknowledged receipt of the documents for service of process upon Alley and Wilkerson. Doc. Ent. 59.[16]

**c.**     Since defendants filed the instant motion, the U.S. Marshal has attempted service by mail upon Alley and Wilkerson (February 25, 2011). As discussed above, Alley has now been served and has appeared before this Court.

Wilkerson has not appeared before this Court. On March 7, 2011, the U.S. Marshal informed the Court that the attempt at service by mail upon Wilkerson was returned unexecuted on the basis that she was not at that address.

**d.**     As defendants acknowledge (Doc. Ent. 47 at 15), "defendants must receive actual or constructive notice of the lawsuit within the period provided for service of the summons and complaint[,]" and "Rule 4 requires service to be made within 120 days after the filing of the complaint." *Cox*, 75 F.3d at 240. Furthermore, as noted above, *Cox* directs that "the

---

[16]In a typical case, my chambers forwards a copy of an order directing service to the Clerk's Office, which processes the service paperwork and forwards it to the U.S. Marshal.

requirements of Fed. R. Civ. P. 15(c) must be met in order for the amendment adding the named defendant to relate back to the filing of the original complaint." *Id.*

However, as alluded to above in my discussion of Fed. R. Civ. P. 15(c)(1)(C), the lengthy delay between my September 24, 2009 order deeming amended plaintiff's complaint and directing the U.S. Marshal to effect service of process upon Alley and Wilkerson (Doc. Ent. 34) and the U.S. Marshal's February 23, 2011 receipt of documents for service of process upon Alley and Wilkerson (Doc. Ent. 59) is partially attributable to the Court.[17]  Therefore, the Court should deny defendants' September 15, 2010 motion (Doc. Ent. 47) to the extent it is based upon plaintiff's failure to serve defendants Alley and Wilkerson within the period provided by Fed. R. Civ. P. 4(m).

---

[17]I note defendants' representation that, once appointed, plaintiff's counsel stated he would "file an amended complaint that properly named the defendants and would serve them."  Doc. Ent. 47 at 12.  Even so, it appears that, in whatever respect, the Court did not execute its September 24, 2009 order before plaintiff's counsel's April 20, 2010 appointment.

Thereafter, there was concern about the adequacy of plaintiff's counsel's representation of Horacek.  In his October 15, 2010 filing, plaintiff informed the Court that he was not aware of plaintiff's counsel's April 20, 2010 appointment until he read defendants' September 15, 2010 dispositive motion on September 20, 2010.  Doc. Ent. 49 ¶¶ 1-2.  Plaintiff also claimed that if had been aware of the Court's May 19, 2010 scheduling order (Doc. Ent. 46) or that Alley and Wilkerson had not been served in accordance with the Court's September 24, 2009 order (Doc. Ent. 34), plaintiff "would have filed the amended complaint in a timely manner and sought additional court orders regarding the service upon the above-named defendants."  Doc. Ent. 49 ¶ 6.

And, as reflected in my January 19, 2011 order, plaintiff's counsel's had promised on November 18, 2010 promise to have a response to the September 15, 2010 dispositive motion (Doc. Ent. 47) filed on or before November 24, 2010.  When that did not occur, I wrote:

> . . . because I do not wish to see plaintiff penalized by the negligence of appointed counsel, I will now grant his motion for extension of time. Any response must be filed on or before February 14, 2011. If no response is filed, I shall have no other recourse but to refer counsel to the state bar grievance committee in light of this serious dereliction of duty.

Doc. Ent. 53.

Furthermore, Rule 4(m) provides, in part, that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Plaintiff's complaint was filed on March 3, 2008, and it named John and Jane Does. Doc. Ent. 1 at 8. By way of plaintiff's January 21, 2009 motion for leave to amend, plaintiff sought to identify those defendants. Doc. Ent. 26 at 1 ¶ 1. Then, attached to plaintiff's January 16, 2009 response (Doc. Ent. 29) were "[d]efendants Seaman and Bouchard's August 27, 2008 answers to plaintiff's interrogatories identify[ing] Wilkerson and Alley as Clerks assigned to the Visitation Department." Doc. Ent. 29-2 at 30-36 (Exhibit H).

Following my August 20, 2009 report and recommendation (Doc. Ent. 32), Judge Battani's September 10, 2009 order permitted plaintiff to "add as Defendants, Aaron Alley and Carol Wilkerson, to his claim that his legal mail was opened outside his presence, provided it accrued after January 21, 2006." Doc. Ent. 33 at 2. Once Alley and Wilkerson were identified in Judge Battani's September 10, 2009 order (Doc. Ent. 33) and were deemed named as defendants and directed to be served by the U.S. Marshal via my September 24, 2009 order (Doc. Ent. 34), it was the Court's responsibility to effect service of process in accordance with Rule 4(m).

Therefore, if the Court agrees that defendants' motion should be denied to the extent it is based upon plaintiff's failure to serve Alley and Wilkerson within 120 days of the September 24, 2009 amendment of the complaint, the Court may also conclude that good cause exists for plaintiff's failure to do so; enter an order extending the time for service "for an appropriate period[,]" Fed. R. Civ. P. 4(m); and pursue service upon Carol Wilkerson on plaintiff's behalf.[18]

_____

[18]If the Court wishes to do so, it may direct Oakland County to provide Wilkerson's last known address. If she is no longer employed by Oakland County, defense counsel should be

19

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

---

directed to provide her last known address "directly to the Marshals where the information will be maintained in a confidential manner and used only for service of process purposes."  *See* Paragraph 4 of Administrative Order No. 09-AO-043 (Service of Process in Cases Involving an In Forma Pauperis Plaintiff and a Defendant Who is a Current or Former Employee of the Michigan Department of Corrections).

20

Dated:  July 14, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 14, 2011.


s/Susan Jefferson
Deputy Clerk