**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DANIEL HORACEK,

        Plaintiff,                      Case No. 08-10866

                                            Hon. Marianne O. Battani

v.

                                            Magistrate Judge Paul Komives

LORI SEAMAN, et al.,

        Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION REGARDING**
**DEFENDANTS' SEPTEMBER 15, 2010 MOTION FOR SUMMARY JUDGMENT**

      Plaintiff Daniel Horacek filed this action alleging that his civil rights had been violated. The Court referred this matter to Magistrate Judge Paul Komives for all pretrial proceedings. (See Doc. No. 12). On July 14, 2011, the Magistrate Judge issued a Report and Recommendation Regarding Defendants' September 15, 2010 Motion for Summary Judgment (R&R). In his R&R, Magistrate Judge Komives recommended denying the motion. On July 26, 2011, Defendants filed an objection (Doc No. 66). For the reasons that follow, the Court finds the R&R accurately articulates the law and presents a well-reasoned analysis of the application of governing law to the facts of this case, and the Court **ADOPTS** the Report and Recommendation, and **DENIES** the Objection.

**I. BACKGROUND**

      In September 2009, the Court granted Plaintiff leave to amend his complaint to add as Defendants, Aaron Alley and Carol Wilkerson ("Added Defendants"), relative to Plaintiff's claim that his legal mail was opened outside his presence. This claim was limited to the

extent that it accrued after January 21, 2006. (Doc. No. 33). Thereafter, the Magistrate Judge entered an order deeming the complaint amended, and directed service of process on Added Defendants by the U.S. Marshal. (See Doc. No. 34).

In April 2010, Plaintiff was assigned counsel to represent him. Despite the earlier order deeming the complaint amended, in a May 19, 2010 Scheduling Order, the Magistrate Judge directed Plaintiff to file an amended complaint on or before May 28, 2010. Plaintiff failed to do so. In their motion for summary judgment, Defendants rely on Plaintiff's failure to comply with the Scheduling Order, as well as the fact that Added Defendants had not been served, to assert that the statute of limitations had run and the amended pleading could not relate back.

In the R&R, the Magistrate Judge recommended that the motion be denied because the Order entered September 24, 2009, deemed Plaintiff's complaint amended by substituting Aaron Alley and Carol Wilkerson as defendants for the John/Jane Doe defendants. Further, the Magistrate Judge recommended that the Court reject the statute of limitations argument because the proposed amended complaint tolled the limitations period. (See Doc. No. 32 at 24-27). Finally, the Magistrate Judge addressed the lapse in time between the September 24, 2009 Order directing service, and the February 23, 2011, receipt of the documents for service of process. Because the delay is attributable, in part, to the Court, the Magistrate Judge recommended denying the dispositve motion to the extent it is based upon the failure to serve Added Defendants within the time provided by Rule 4(m). (Doc. No. 65 at 19).

**II. STANDARD OF REVIEW**

Pursuant to statute, this court's standard of review for a magistrate judge's report and recommendation requires the following:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1)(C).

**III. ANALYSIS**

At the outset, Defendants observe that they have met every court deadline, and Plaintiff has violated every deadline. To the extent that Defendants are correct, the Court finds a review of the record demonstrates that Plaintiff himself should not be held accountable for the violations of his court-appointed counsel. In turning to the merits of the objections, the Court rejects Defendants' positions. As to their claim that there are no remaining defendants in this matter, they are incorrect. Plaintiff's complaint was deemed amended on September 24, 2009. Defendants ignore this order in making their argument that Plaintiff failed to file an amended complaint naming Added Defendants.

The Court also rejects Defendants' argument that the statute of limitations has run. When this Court adopted the recommendation that Plaintiff be allowed to amend his complaint on September 10, 2009, it implicitly rejected this argument. The Magistrate Judge discussed the issue in the prior R&R, which the Court adopted.

Defendants next argue that this matter must be dismissed pursuant to Federal Rule of Civil Procedure 4(m) because Added Defendants were not served before the time for service had lapsed. Although Rule 4(m) requires dismissal without prejudice if service of

the complaint and summons is not made within 120 days after those documents are filed, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). Here, the Court agrees with the Magistrate Judge that the seventeen month delay in service of the amended complaint on Alley cannot be attributed to Plaintiff. In this case, the Court ordered service by the U.S. Marshal. That service did not occur. The Court declines to hold Horacek, who was pro se at the time, accountable for this delay. He was "entitled to rely on service by the U.S. Marshal." Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir. 1986) (observing that "[s]o long as [a pro se] prisoner provides the information necessary to identify the defendant, courts have uniformly held that the Marshals' failure to effect service automatically constitutes good cause within the meaning of Rule 4(m)"). The same analysis applies to the failure to serve Wilkerson.

Finally, in light of the procedural posture of this case, the Court finds Defendant's request for summary judgment on the merits premature.

## IV. CONCLUSION

Accordingly, the Court **ADOPTS** the Report and Recommendation.

**IT IS FURTHER ORDERED** that Oakland County Corporation Counsel shall provide Wilkerson's last known address "directly to the Marshal where the information will be maintained in a confidential manner and used only for service of process purposes." Address information will not be maintained in the court file or disclosed by the U.S. Marshals Service except as directed by court order. The U.S. Marshals Service is authorized to mail a request for waiver of service to Defendant Wilkerson in the manner

prescribed by Rule 4(d)(2) before attempting personal service.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE: September 1, 2011


CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or e-filed to Plaintiff and counsel of record on this date.

s/Bernadette M. Thebolt
Case Manager
