UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL HORACEK,

    Plaintiff,

v.

LORI SEAMAN, LT. ATKINS, CAPT. HENRY WALLACE, SHERIFF MICHAEL BOUCHARD, JANE DOE/JOHN DOE, Oakland County Jail Librarians, and JANE DOE/JOHN DOE, Oakland County Jail Deputy(s),

    Defendants.
                                              /

CASE NO. 2:08-CV-10866
JUDGE MARIANNE O. BATTANI
MAGISTRATE JUDGE PAUL KOMIVES

**REPORT AND RECOMMENDATION ON DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT (docket #75)**

I.    RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
II.   REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    A.    *Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    B.    *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    C.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    D.    *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
III.  NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

\*    \*    \*    \*    \*

I.    RECOMMENDATION: The Court should grant defendants' motion for summary judgment.

II.   REPORT:

A.    *Procedural Background*

Plaintiff Daniel Horacek was a pretrial detainee in the Oakland County Jail from June 24, 2005, through July 5, 2006. Plaintiff commenced this action on March 3, 2008, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Defendants are Lori Seaman, identified by plaintiff as the Oakland County Jail Mailroom Supervisor; Oakland County Sheriff's Office

Lieutenant Atkins; Captain Henry Wallace; Oakland County Sheriff Michael Bouchard; and various Jane and John Doe defendants working in the law library or mailroom. Plaintiff's complaint alleges that defendants violated his First, Sixth, and Fourteenth Amendment rights by: (1) opening and inspecting his legal mail outside his presence; (2) providing him inadequate legal materials; and (3) monitoring his telephone conversations with his attorney.

On August 20, 2009, I filed a Report addressing defendants' then-pending motion for summary judgment and plaintiff's motion for leave to amend. In that Report, I recommended that the Court grant in part and deny in part each motion. Specifically, I recommended that the Court conclude that: (1) defendants Atkins, Wallace, and Bouchard are entitled to summary judgment with respect to all of plaintiff's claims against them because plaintiff has failed to show their personal involvement; (2) defendant Seaman is entitled to summary judgment with respect to plaintiff's legal mail claims because plaintiff has failed to show her personal involvement in the opening of his legal mail; (3) all defendants are entitled to summary judgment with respect to plaintiff's access to courts and telephone monitoring claims because plaintiff has failed to demonstrate a genuine issue of material fact with respect to the merits of these claims; (4) the remaining John/Jane Doe defendants (and, by extension, the newly proposed named defendants) are not entitled to summary judgment on plaintiff's legal mail claims; (5) leave to amend would be futile with respect to plaintiff's access to courts and telephone monitoring claims; (6) leave to amend would be futile with respect to plaintiff's time-barred legal mail claims relating to mail opened outside his presence prior to January 21, 2006; and (7) leave to amend would not be futile with respect to plaintiff's proposed legal mail claims against the newly-named defendants related to mail opened outside his presence after January 21, 2006. The Court adopted my Report on September 10, 2009. On September 24, 2009, the Court

entered an Order deeming plaintiff's complaint amended, and directing the Marshall to effect service on the two newly named defendants, Aaron Alley and Carol Wilkerson. For reasons unknown, the Marshal did not acknowledge receipt of service documents until February 23, 2011, and service on the new defendants was not effected until March 2011.

On September 28, 2009, plaintiff filed a motion to appoint counsel. That motion was conditionally granted on September 30, 2009, provided that an attorney from the *pro bono* panel who was willing to take plaintiff's case could be found. On April 20, 2010, attorney William Godfrey was appointed to represent plaintiff. A status conference was held on May 19, 2010. As a result of that conference, a scheduling order was entered granting plaintiff's counsel until May 28, 2010, to file an amended complaint and setting cut-off dates of August 31 and September 30, 2010, for discovery and the filing of dispositive motions, respectively. On September 15, 2010, defendants Alley and Wilkerson, who had not yet been served, filed a motion to dismiss on the bases that plaintiff had failed to file an amended complaint by May 19, 2010; they had not been served within the time limit set forth in Federal Rule of Civil Procedure 4(m); and plaintiff's claims were barred by the statute of limitations. Plaintiff, proceeding *pro se*, filed a motion to extend the deadline for his response to this motion, and subsequently filed a motion to dismiss his appointed counsel. Plaintiff did not file any response to defendants' motion for summary judgment. On July 14, 2011, I filed a Report recommending that the Court deny defendants' motion to dismiss. The Court entered an Order adopting my Report on September 1, 2011.

The matter is currently before the Court on defendants Alley and Wilkerson's second motion for summary judgment, filed on September 28, 2012. Defendants contend that: (1) they are entitled to judgment on the pleadings pursuant to Rule 12(c) because plaintiff's complaint fails to state a

3

claim for relief against them; (2) they are entitled to summary judgment under Rule 56; (3) they are entitled to summary judgment on the grounds of qualified immunity; and (4) plaintiff's complaint should be dismissed for want of prosecution pursuant to Rule 41(b). On March 21, 2013, plaintiff filed a response to the motion, indicating that he could not properly respond to the motion because attorney Godfrey, who had abandoned his case and been disbarred, possessed all of his documents. On March 22, I entered an Order requiring the Clerk to provide copies of certain documents filed in this case to plaintiff, and extending the time for plaintiff's response to defendants' second motion for summary judgment. On April 30, 2013, plaintiff filed his substantive response to defendants' motion. Defendants filed a reply on May 8, 2013. For the reasons that follow, the Court should grant defendants' motion for summary judgment.

B.  *Legal Standard*

Defendants seek both judgment on the pleadings under Rule 12(c) and summary judgment under Rule 56. However, because the parties have submitted matters outside the pleadings, I consider defendants' motion solely as one for summary judgment. *See Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 502-03 (6th Cir. 2006); FED. R. CIV. P. 12(c). Under Rule 56, summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)). "A fact is material only if its resolution will affect the outcome of the lawsuit." *Hedrick*, 355 F.3d at 451-52 (citing

*Anderson*, 477 U.S. at 248). In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, FED. R. CIV. P. 56(e).

To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue. As the Supreme Court has explained, "[t]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, "[t]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could

reasonably find for the non-moving party." *Sutherland*, 344 F.3d at 613.

C.  *Analysis*

As explained in my prior Report, "the only remaining claims in the case [are] plaintiff's legal mail claims against . . . defendants Aaron Alley and Carol Wilkerson which accrued after January 21, 2006." R&R, dated 8/20/09, at 28. In *Kensu v. Haigh*, 87 F.3d 172 (6th Cir. 1996), the Sixth Circuit noted that "the sanctity of legal mail has long been recognized." *Id.* at 174. The court went on to note:

> Both the Supreme Court and this Circuit have repeatedly held that a prisoner has some First Amendment rights to receive mail, subject to the right of prison officials to open a prisoner's incoming mail in accordance with uniformly applied policies deemed appropriate to maintain prison security. That case law has also acknowledged that the opening of "legal mail" should generally be in the inmate's presence in accordance with appropriately drafted and uniformly applied regulations.

*Id.* (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)). It is equally true, however, that merely negligent opening of legal mail does not state a § 1983 claim. *See Barker v. Sowders*, No. 98-5506, 1999 WL 427170, at *1 (6th Cir. June 15, 1999); *Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989); *Hinderliter v. Hungerford*, 814 F. Supp. 66, 68 (D. Kan. 1993); *Bryant v. Winston*, 750 F. Supp. 733, 734 (E.D. Va. 1990); *Williams v. McClain*, 708 F. Supp. 1086, 1089 (W.D. Mo. 1989). *See generally*, *Daniels v. Williams*, 474 U.S. 327, 330-33 (1986) (negligence on part of public officials insufficient to state constitutional civil rights claim); *Davidson v. Cannon*, 474 U.S. 344, 347 (1986) (same).

In his affidavit, defendant Alley avers that he did not assume responsibility for handling mail until mid-2008, and thus did not open any inmate mail from January 21 through July 5, 2006, the time relevant to plaintiff's claim. *See* Br. in Supp. of Def.s' Mot., Ex. B, Aff. of Aaron Alley, ¶ 3 [hereinafter "Alley Aff."]. Defendant Alley also avers that on all occasions in which he may have

6

inadvertently opened a piece of legal mail, he has "never read the mail and . . . always made a notation on the face of the envelope that it was opened in error." *Id.*, ¶ 8. The envelopes submitted by plaintiff in this action do not contain any such notations, and the notations indicating plaintiff's location are in someone else's handwriting, both indicating that he did not open the envelopes in question. *See id.*, ¶ 9. Defendant Wilkerson similarly avers that she never intentionally opened legal mail outside an inmate's presence, that on rare occasions when she did so inadvertently she never read the mail and always made a notation on the envelope indicating that it was opened in error, and that none of the envelopes submitted by plaintiff contain such a notation. *See* Br. in Supp. of Def.s' Mot., Ex. B, Aff. of Carol Wilkerson, ¶¶ 4-5, 7-8 [hereinafter "Wilkerson Aff."].[1] Both defendants also aver that they never spoke to plaintiff regarding his mail and were unaware of any complaints or concerns plaintiff had regarding his legal mail. *See* Alley Aff., ¶ 7; Wilkerson Aff., ¶ 6. In his response to defendants' motion, plaintiff does not point to any evidence contradicting these averments. In an affidavit dated April 24, 2013, plaintiff avers that the discovery he has obtained in this matter "provided me with sufficient belief/evidence at this time that in fact both defendant Alley and defendant Wilkerson were directly and solely responsible for the opening of my legal mail, reading my legal mail, censoring my legal mail, and interfering with my access to the courts, outside my presence in this matter." *See* Pl.'s Br., Ex. C, ¶ 2. Plaintiff does not, however, identify the specific discovery that supports this "belief," and his belief alone is insufficient to defeat summary judgment. *See Johnson v. Interstate Brands Corp.*, 351 Fed. Appx. 36, 42 (6th Cir. 2009) (citing *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 585 (6th Cir.1992)) ("A plaintiff's conclusory

---

[1]Both defendants' affidavits are submitted as Exhibit B to defendants' motion. Wilkerson's affidavit is not executed. Defendants filed an executed copy of Wilkerson's affidavit on February 7, 2013. *See* docket #79.

allegations and subjective beliefs are not a sufficient basis to deny summary judgment."). In an earlier affidavit, plaintiff averred that the legal mail envelopes he has submitted were opened outside of his presence, but did not identify any particular officials responsible for the opening of his legal mail. *See* Pl.'s Br., Ex. D, ¶ 3. Plaintiff also again submits copies of the relevant envelopes, and argues that the fact that stamp portions of these envelopes were not removed as required by the Jail's legal mail policy indicates that they were opened outside his presence. *See id*. at 13 & Exs. G-H. Again, however, this evidence does not show that defendants Alley and Wilkerson, as opposed to some other jail officials, opened his legal mail outside his presence.

At most, therefore, plaintiff's evidence shows that some legal mail may have been opened outside his presence. He has pointed to no evidence, however, that defendants Alley and Wilkerson opened legal mail outside his presence. In light of defendants' averments that they did not do so and plaintiff's failure to point to any evidence indicating that they did, defendants are entitled to summary judgment on plaintiff's legal mail claims. *See Coleman v. Bowerman*, 474 Fed. Appx. 435, 438 (6th Cir. 2012) ("Bowerman averred that she did not open Coleman's legal mail or remove its contents. In addition, Bowerman submitted Coleman's deposition testimony, during which he conceded that he did not know for a fact that Bowerman had removed the contents of his legal mail and he acknowledged that it could have been opened by someone other than Bowerman. In light of this evidence, the district court properly concluded that Coleman failed to meet his burden of responding to Bowerman's motion for summary judgment with evidence indicating that he had personal knowledge that Bowerman opened his legal mail and removed the contents."); *Murphy v. Grenier*, 406 Fed. Appx. 972, 974 (6th Cir. 2011) ("It was proper for the district court to grant summary judgment when Murphy's opposing affidavit merely stated that someone had opened his

mail, and concluded that it must have been Grenier, Bonnee, or Hodges.").

Further, at most plaintiff's evidence shows only that some legal mail may have been opened outside his presence by some jail officials, but it is clear that this was not done pursuant to a jail policy. Plaintiff has pointed to no evidence showing that the alleged opening of legal mail outside his presence was done intentionally as opposed to negligently. As explained above, "[n]egligent interference with legal mail is not actionable under section 1983." *Murphy*, 406 Fed. Appx. at 976 (citing *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir.1997)). Because plaintiff has failed to point to any evidence that the opening of his legal mail outside his presence, if it occurred, was intentional or arbitrary as opposed to merely negligent, defendants are entitled to summary judgment. *See Beese v. Liebe*, 51 Fed. Appx. 979, 981 (7th Cir. 2002); *Barker v. Sowders*, No. 98-5506, 1999 WL 427170, at *1 (6th Cir. June 15, 1999). Accordingly, because plaintiff has failed to point to any evidence showing that defendants Alley and Wilkerson opened his legal mail, or showing that the alleged opening of his legal mail was intentional rather than merely negligent, the Court should grant defendants' motion for summary judgment.[2]

---

[2] I note that, should the Court reject the foregoing recommendation, defendants are *not* entitled to summary judgment based on *Stanley v. Vining*, 602 F.3d 767 (6th Cir. 2010). Defendants, relying on *Stanley*, argue that plaintiff cannot establish a First Amendment access to courts claim because he has not alleged any injury to actual litigation, and that he cannot show a claim under the Sixth Amendment based upon interference with the attorney client relationship. *See Stanley*, 602 F.3d at 770-71. *Stanley*, however, is inapposite. In that case, there was no allegation that the plaintiff's legal mail was opened outside of his presence. Rather, the plaintiff claimed that his legal mail was read by a prison guard in his presence, and that the reading of his legal mail violated his First Amendment right to access the courts and his Sixth Amendment right to counsel. The court, quoting from *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993), explained that "[t]he law has not 'established that . . . reading [properly marked legal mail] in inmates' presence violates constitutional rights in and of itself.'" *Stanley*, 602 F.3d at 770 (quoting *Lavado*, 992 F.2d at 609). Here, however, plaintiff claims that his legal mail was opened *outside* his presence, and the law is clear that opening of legal mail outside a prisoner's presence does violate the Constitution "in and of itself." *See Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996) (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)); *Merriweather v. Zamora*, 569 F.3d 307, 317 (6th Cir. 2009) (quoting *Sallier v. Brooks*, 343 F.3d 868, 877 (6th Cir.2003)) ("Prison officials would also be on notice as of 2003 that

D.      *Conclusion*

In view of the foregoing, the Court should conclude that plaintiff has failed to set forth a genuine issue of material fact with respect to whether defendants Alley and Wilkerson opened his legal mail, or that they did so intentionally rather than negligently. Accordingly, the Court should grant defendants' second motion for summary judgment.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically,

---

opening properly marked legal mail alone, without doing more, implicates both the First and Sixth Amendments because of the potential for a 'chilling effect.'"). Nothing in *Stanley* calls into question the rule applicable to claims that legal mail was opened outside the prisoner's presence. Thus, if the Court rejects my conclusion above and concludes that plaintiff has shown a genuine issue of material fact with respect to whether defendants themselves opened plaintiff's legal mail and did so intentionally, the Court should reject defendants' argument that his claim still fails as a matter of law under *Stanley*.

and in the same order raised, each issue contained within the objections.

                                                s/ Paul J. Komives
                                                PAUL J. KOMIVES
                                                UNITED STATES MAGISTRATE JUDGE

Dated: July 11, 2013

## PROOF OF SERVICE

      I hereby certify that a copy of this Report and Recommendation was served upon Daniel Horacek and Counsel of Record on this date.

Dated: July 11, 2013                            s/ Lisa C. Bartlett
                                                        Case Manager