UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL HORACEK,

    Plaintiff,                                            Case No. 08-10866

v.                                                     Hon. Marianne O. Battani

                                                      Magistrate Judge Paul Komives

LORI SEAMAN, et al.,

    Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT**

      Before the Court are Plaintiff's Objections (Doc. 90) to the Magistrate Judge Paul Komives's July 11, 2013 Report and Recommendation (Doc. 89). The Magistrate Judge recommended that Defendants' Second Motion for Summary Judgment be granted.

      The Court reviewed the pleadings, including Plaintiff's objections. For the reasons that follow, the Court **ADOPTS** the Report and Recommendation and **GRANTS** Defendants' Motion for Summary Judgment.

**I.    INTRODUCTION**

      Plaintiff Daniel Horacek filed his Complaint on March 3, 2008, alleging violations of 42 U.S.C. § 1983. Plaintiff alleges that during his pretrial detention at the Oakland County Jail from June 24, 2005, through July 5, 2006, Defendants violated his rights by repeatedly opening his legal mail outside his presence. The Court referred this matter to Magistrate Judge Paul Komives for all pretrial proceedings pursuant to 28 U.S.C. §

636(b)(1)(B).

In his Report and Recommendation ("R&R"), Magistrate Judge Komives recommended that Defendants' motion be granted.

## II.     FACTS AND PROCEDURAL HISTORY

This case is currently in its fifth year of litigation, due in part to various delays on both sides of the case.  Plaintiff filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 on March 3, 2008, alleging that several defendants violated his First, Sixth, and Fourteenth Amendment rights by (1) opening and reading his legal mail outside his presence, in violation of jail policy; (2) providing him with inadequate legal research materials; and (3) monitoring his telephone conversations with his attorney.  Defendants filed a motion for summary judgment in September 2008, and, in January 2009, Plaintiff filed a motion for leave to amend his complaint.  In the Magistrate Judge's August 2009 R&R, he recommended that summary judgment be granted for all defendants except the Jane/John Doe mailroom defendants that Plaintiff sought leave to amend his complaint to add.  Magistrate Judge Komives also recommended that summary judgment be granted on all claims except the legal mail claim.  This Court adopted this R&R in September 2009.

The two Jane/John Doe Defendants, Aaron Alley and Carol Wilkerson, were added in September 2009 by an Order from this Court.  Service of process was not completed on these two defendants until March 2011.  In the interim, counsel was appointed, and the two added Defendants moved to dismiss because of failure by Plaintiff to file an amended complaint by the deadline, because they were not served

within the time limit in Fed. R. Civ. P. 4(m), and asserting the statute of limitations was passed. In July 2011, the Magistrate Judge recommended in his R&R that this motion to dismiss be denied. This Court ordered this R&R adopted in September 2011.

Defendants Alley and Wilkerson filed a second motion for summary judgment in September 2012, arguing that (1) they are entitled to judgment on the pleadings under Fed. R. Civ. P. 12(c) because Plaintiff's complaint fails to state a claim upon which relief can be granted; (2) they are entitled to summary judgment under Fed. R. Civ. P. 56; (3) they are entitled to summary judgment due to qualified immunity; and (4) Plaintiff's complaint should be dismissed for want of prosecution. Plaintiff filed a motion to extend the deadline for his response in March 2013 because his attorney abandoned his case, was disbarred, and possessed his documents. This Court ordered for Plaintiff to be provided copies of documents from this case, and Horacek filed his substantive response in April 2013. Defendants replied to this response in May 2013. The Magistrate Judge filed his R&R in July 2013, recommending that Defendants' motion for summary judgment be granted.

## III.     STANDARD OF REVIEW

In cases where a magistrate judge submitted a report and recommendation, and a party has properly filed objections to it, the district court must conduct a *de novo* review of those parts of the report and recommendation to which the party objects. 28 U.S.C. § 636(b)(1)(c). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. A party waives any right to challenge a magistrate judge's finding by failing to object to it. United

States v. Sullivan, 431 F.3d 976, 984 (6th Cir. 2005).

The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

Because the motion relies on matters outside the pleadings, the R&R correctly treated Defendants' motion as one for summary judgment, although Defendants also moved for judgment on the pleadings under Fed. R. Civ. P. 12(c) and for dismissal for want of prosecution under Fed. R. Civ. P. 41(b) and Local Rule 41.2.  Neither party has objected to this treatment, so this Court will also construe Defendants' motion as solely one for summary judgment.  See Sullivan, 431 F.3d at 984 (6th Cir. 2005).

Federal Rule of Civil Procedure 56(a) authorizes the Court to grant summary judgment if there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.  There is no genuine dispute of material fact if there is not a factual dispute that could affect the legal outcome on an issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In determining whether to grant summary judgment, this Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008).  However, "a party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'"

4

Anderson v. Liberty Lobby, Inc., 477 U.S. at 248 (1986) (quoting Fed. R. Civ. P. 56(e)).

## IV.   ANALYSIS

In the R&R, the Magistrate Judge noted that the only remaining claims were Plaintiff's legal mail claims against defendants Aaron Alley and Carol Wilkerson. (Doc. 89 at 6).  The Magistrate Judge found that because Plaintiff failed to point to any specific evidence that indicates that the defendants Alley and Wilkerson were responsible for opening his legal mail outside his presence, summary judgment for the defendants was proper (Doc. 89 at 8). The Magistrate Judge also found that Plaintiff could not show that any of his mail was opened pursuant to a jail policy or that it was done intentionally as opposed to negligently. (Doc. 89 at 9).  Plaintiff now brings several objections to the R&R, which are all without merit because he does not set forth specific facts showing there is a genuine dispute of material fact for trial.

To state a civil rights claim under 42 U.S.C. § 1983, a Plaintiff must set forth facts that, viewed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) this deprivation was caused by a person acting under color of state law. See Burley v. Gagacki, No. 12-1820, 2013 WL 4767178 (6th Cir. Sept 6, 2013) (citing Sigley v. City of Parma Heights, 437 F.3d 527, 533 (6th Cir. 2006)).  To establish liability against an individual defendant acting under color of state law, a plaintiff must show that the defendant was "personally involved." See Binay v. Bettendorf, 601 F.3d 640, 647 (6th Cir. 2010) (holding personal involvement required in the context of an excessive force claim).

As Magistrate Judge Komives pointed out, an inmate does have some constitutional rights regarding legal mail.  The Sixth Circuit has acknowledged that "the

5

opening of 'legal mail' should generally be in the inmate's presence in accordance with appropriately drafted and uniformly applied regulations." Kensu v. Haigh, 87 F.3d 172 (6th Cir. 1996) (citing Wolff v. McDonnell, 418 U.S. 539 (1974)). In Wolff v. McDonnell, the Supreme Court noted that prison staff "acceding to a rule whereby the inmate is present when mail from attorneys is inspected, have done all, and perhaps even more, than the Constitution requires." Id. at 577.

But mere negligent opening of legal mail does not constitute a constitutional civil rights claim under § 1983. See R&R, Doc. 89 at 6 (collecting cases).

Plaintiff first disputes the Magistrate Judge's acceptance of Defendant Alley's statement in his affidavit that he was not responsible for handling mail during the relevant time period (Doc. No. 90 at 1). In an attempt to rebut this statement, Plaintiff claims that Defendant Alley's January 29, 2009 affidavit "clearly claims" that Defendant Alley was responsible for handling mail (Doc. No. 90 at 1-2). Horacek also claims that Alley's later affidavit and other interrogatories given during discovery by other defendants were contrary to the first affidavit (Doc. No. 90 at 2).

A review of the affidavits in question shows that this is not the case. Defendant Alley's first affidavit, given January 29, 2009, states that Alley is a clerk in the visitation department, and that visitation department duties include incoming mail (Doc. No. 85 at 29-30). Defendant Alley's first affidavit also states that in processing inmate legal mail he followed the policy and procedure of opening that mail in the presence of the inmate, and that if legal mail was opened by mistake it was not read, and Alley noted on the legal mail that it was opened in error (Doc. No. 85 at 30). His first affidavit does not state whether Alley's duties included opening mail at the time in question. Alley's

6

second affidavit, given September 27, 2012, states that Alley was employed at the Oakland County Jail since 2002 and that he did not assume responsibility for mail until 2008 (Doc. No. 75-3 at 1). Further, the answers to the interrogatory responses given by prior defendant Oakland County Sheriff Michael Bouchard did not specifically state what Alley's duties were or if they included opening mail at the time in question (Doc. No. 85 at 24-25). The answers simply state that he was assigned to the department for that period. Id. There was nothing in the record to show that Defendant Alley actually had the duty of handling incoming mail for the relevant time period. Notably, Defendant Alley was one of eighteen deputies or clerks employed in the visitation department at the time in question. Id.

Plaintiff's second objection disputes the Magistrate Judge's conclusion that Plaintiff does not point to any evidence to contradict Defendants' assertions (Doc. No. 90 at 2). The specific assertions were that Defendant Wilkerson stated that she never intentionally opened legal mail, and when she did accidentally, she never read it, and she made a note on the mail that it was opened accidentally (See R&R, Doc. No. 89 at 7). Both defendants also asserted that they never spoke to Plaintiff regarding his mail and did not know that there were complaints or concerns regarding his legal mail (See R&R, Doc. No. 89 at 7).

A review of the exhibits attached to Plaintiff's response indicates that Plaintiff does provide a statement in his own affidavit given on January 22, 2009, that he spoke to Defendant Alley regarding the opening of his legal mail (Doc. No. 85 at 58). Granted, this does create an issue of fact because Alley said he never spoke to Horacek regarding his legal mail and Horacek says they did speak about this. However, this

7

dispute is immaterial because whether or not the two spoke about Plaintiff's mail is not dispositive of this action. To be sure, Plaintiff does not allege that Alley said that he opened Plaintiff's mail himself; Plaintiff only alleges that they spoke about the subject. This is not sufficient to create a material factual issue for trial.

Plaintiff's third objection is very similar to the second. Plaintiff objects to the Magistrate Judge's statement that Plaintiff does not identify the specific discovery that supports his belief that Defendants Alley and Wilkerson were solely responsible for opening Plaintiff's legal mail outside his presence (Doc. No. 90 at 2-3). Plaintiff argues that affidavits from other defendants and Defendants Alley and Wilkerson together with the interrogatory responses from Oakland County Sheriff Michael Bouchard and prior defendant Seaman provided Plaintiff with "sufficient belief/evidence at this time that in fact both Defendant Alley and Defendant Wilkerson were directly and solely responsible" for opening, reading, and "censoring" his legal mail (Doc. No. 90 at 3).

Even if these documents somehow were sufficient to provide Plaintiff with such a belief, they are not sufficient to provide this Court with such a belief. Plaintiff must make specific factual allegations that create a genuine issue of material fact that the named defendants were responsible for the alleged harm. See Fed. R. Civ. P. 56(e). Plaintiff does not point to any specific facts in support of his belief. He only makes conclusory allegations and cites to nearly all of the discovery taken in this case for support.

A review of this discovery indicates nothing that could be construed as a fact indicating that Defendants were "directly and solely responsible" for intentionally opening, reading, and "censoring" Plaintiff's legal mail. The only thing even remotely

8

supporting Plaintiff's assertions is interrogatory responses from Sheriff Bouchard stating that both Defendants worked in the visitation department and that the department, which includes eighteen employees, handles incoming mail (Doc. No. 85 at 24-25). Nothing in the record indicates that these Defendants' handling of Plaintiff's mail was more than mere negligence. Plaintiff does not point to specific facts supporting his assertions, instead he points to a stack of discovery and states that the discovery somehow supports his "belief." Plaintiff's own affidavits likewise do not contain any specific facts that support his allegations against Defendants. (Doc. No. 85 at 32-36).

    Plaintiff next objects to the Magistrate Judge's statement that Plaintiff made "conclusory allegations" in support of his belief that Defendants were responsible for the opening of legal mail outside his presence (Doc. No. 90 at 3). Instead, Plaintiff argues that it is Defendants who made conclusory allegations. Plaintiff asserts that he has presented "objective and verifiable evidence" in support of his claims (Doc. No. 90 at 3). This is simply not the case. Again, Plaintiff does not state exactly what it was that gave him his "sufficient belief" that Defendants were "directly and solely responsible" for opening his legal mail outside of his presence. Plaintiff must point to a specific fact giving rise to his, and the Court was unable to find anything supporting Horacek in the discovery he cited. The only thing Plaintiff can show is that some of his legal mail was opened outside of his presence — but he cannot show that this was done intentionally or by whom.

    Plaintiff next objects to the Magistrate Judge's conclusion that summary judgment for Defendants is proper (Doc. No. 90 at 3-4). Again, Plaintiff points to his "numerous evidence" but does not say what part of it or what specific facts support his

claims against Defendants.

Plaintiff next objects to the Magistrate Judge's conclusion that "Plaintiff has pointed to no evidence showing that the alleged opening of legal mail outside his presence was done intentionally as opposed to negligently." (Doc. No. 90 at 4). Plaintiff claims that he has shown that the opening of his legal mail was intentional. For this, he cites his complaint and his response. A review of these filings does not point to any specific factual allegations which might show that either Defendant intentionally opened Plaintiff's mail. In his original complaint, Plaintiff states that he spoke to a deputy who delivered his mail about why his legal mail was opened outside of his presence (Doc. No. 1 at 11). Plaintiff also states that this deputy informed him that all mail, legal mail or otherwise, is opened, read and inspected by jail staff before being delivered to an inmate (Doc. No. 1 at 11). But even after amending his complaint to include the present Defendants' names, nowhere in the record is there an allegation that either Defendant was this deputy, or that this deputy said that either Defendant intentionally opened Plaintiff's legal mail outside his presence, or anything else tying either Defendant to his claims.

Plaintiff states that his legal mail was opened twenty-three times outside of his presence, and that it is unlikely that his mail could have been opened so many times without it being intentional (Doc. No. 90 at 4-5). Even if this were true, Plaintiff also must show that it was Defendants who were the ones who intentionally opened his mail and he has failed to do so. Moreover, other inferences can be taken from the fact that Horacek's mail was opened so many times—for instance, perhaps his legal mail was poorly marked by his attorney, or that all of the mail he considers to be legal mail does

10

not actually qualify as legal mail for the purposes of the jail policy.

Plaintiff next objects to the Magistrate Judge's statement that summary judgment should be granted because Plaintiff has not pointed to any evidence showing that Defendants opened his legal mail or that the alleged opening of his legal mail was intentional (Doc. No. 90 at 5). It was already explained that Plaintiff has not shown this Court any actual evidence, he has not pointed to any specific facts in support of his claims.

Plaintiff next objects to the Magistrate Judge's statement that Plaintiff failed to set forth a genuine issue of material fact (Doc. No. 90 at 5-6). As a basis for this objection, Plaintiff argues that he has set forth material factual disputes as to whether Defendants opened his legal mail, and whether they did so intentionally. But again, Horacek does not say what these issues of fact were.

Plaintiff's final objection to the Magistrate Judge's R&R is that it fails to address the issue raised by Plaintiff in his Response to Defendants' Second Motion for Summary Judgment on page 6 (Doc. No. 90 at 6). Here, Horacek asserts that the Defendants' Second Motion should be rejected because it is duplicative of their first motion and presented the same legal issues. In addition, in his response, Horacek asserts that the second motion contains issues that have been waived for failure to present them in the first motion for summary judgment (Plaintiff's argument is flawed. He asserts that Defendants' second motion must not be duplicative of the first one, yet must contain issues presented in the first motion or else those issues are waived). Aside from the contradictory nature of Plaintiff's objection, this objection lacks merit because even if the same legal issues were presented, the second motion involves

different defendants than the first motion.

**V.    CONCLUSION**

Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation. The court **DISMISSES** all of Horacek's remaining claims.

**IT IS SO ORDERED.**

s/Marianne O. Battani<br>
MARIANNE O. BATTANI<br>
UNITED STATES DISTRICT JUDGE

DATE: September 19, 2013

CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or e-filed to Plaintiff and counsel of record on this date.

s/Bernadette M. Thebolt<br>
Case Manager